IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYSHAUNT LOVE,** | : |
| Plaintiff, | : Civil No. 1:13-cv-456 |
| v. | : |
| | : Judge Sylvia H. Rambo |
| **MARIROSA LAMAS, et al.,** | : |
| | : Magistrate Judge Carlson |
| Respondents. | : |

### **M E M O R A N D U M**

Before the court is a report and recommendation in which the magistrate judge recommends that Tyshaunt Love's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed as untimely. (Doc. 33.) Love has filed objections to the report and recommendation. (Doc. 37.) For the reasons that follow, the report and recommendation will be adopted.

### **I.  Background**

Love is an inmate in the custody of the Pennsylvania Department of Corrections, serving a sentence after being convicted of killing his girlfriend, Iris Fennell. Love was sentenced on October 28, 2005. (Doc. 10, Ex. A 15, Docket of Court of Common Pleas, No. CP-22-CR-0000937-2002; Doc. 33, p. 7.)

The magistrate judge very thoroughly examined the course of Love's direct and collateral appeal and determined that the undisputed state records show that 540 days of non-tolled time expired before Love filed this instant action, and

therefore this petition was filed past the one-year statutory bar. Love does not question that his petition was filed late but asserts that equitable tolling applies because he has new evidence that he is actually innocent of Fennell's murder.

## II. Discussion

The magistrate judge examined the case law on equitable tolling and actual innocence claims. *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1931 (2013); *Schlup v. Delo*, 513 U.S. 298 (1995). An actual innocence claim requires the court to consider two factors: 1) whether the petitioner has "supported his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup*, 513 U.S. at 324; and (2) whether the petitioner has shown that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence, *id.* at 331-32.

The magistrate judge examined the first criteria, *i.e.*, whether Love presented *new* evidence. Love presents arguments that witness Cruz's testimony was incredible and subject to attack. This issue was presented to the Pennsylvania Superior Court and thoroughly discussed by that court. The claim that Cruz's testimony was inconsistent was known to Love and is not new evidence.

Love also argues that precluded evidence showing similarities between the rape of Vanessa Ames, by another, and the events surrounding the murder of Fennell would have shown his actual innocence. However, this is not new evidence as the issue was raised at trial and on appeal to the Superior Court of Pennsylvania. Both courts addressed the issue and found against Love's arguments.

To get around the assessment that he has not presented "newly discovered" evidence, Love argues that case law supports the fact that "newly presented evidence" (evidence that was not presented to the trial court) qualifies for consideration of equitable tolling. (Doc. 37, ¶ 7). He cites to *United States v. Davies*, 394 F.3d 182 (3d Cir. 2004). In that case, the court made the following statement: "We need not weigh in today on the 'newly presented' versus 'newly discovered' issues because . . . we write in the context of a claim that a post-conviction Supreme Court decision has held that the statute of conviction does not reach the petitioner's conduct." *Id.* at 191 n.4. The *Davies* case concerned conduct of a defendant that was subsequently found not to be a crime because of a change in a criminal statute that did not cover the defendant's alleged conduct.

The facts of the *Davies* case are different from Love's and the Third Circuit did not address the issue of "newly presented" evidence.

Having decided that the issues raised do not arise to newly discovered evidence, which this court adopts, Love is not entitled to equitable tolling and

therefore this court does not have jurisdiction. That being so, the magistrate judge and this court do not have jurisdiction to address issues such as witness confrontation, speedy trial, ineffective assistance of counsel, etc. (Doc. 37, ¶ 10.)

The report and recommendation will be adopted.

           s/Sylvia H. Rambo
           SYLVIA H. RAMBO
           United States District Judge

Dated: February 21, 2017