IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHAUNT LOVE,** | : | Civil No. 1:13-cv-0456 |
| Plaintiff, | : | |
| v. | : | |
| **MARIROSA LAMAS,** *et al.*, | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the court is Tyshaunt Love's ("Love") motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 40.) Plaintiff moves this court to alter or amend its February 21, 2017 memorandum and order (Docs. 38 & 39) adopting the magistrate judge's report and recommendation and dismissing Love's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as untimely. For the reasons set forth below, Love's motion will be denied.

## I. **Legal Standard**

The scope of a motion under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or manifest injustice. *Harrison v. Coker*, 587 F. App'x 736, 740 (3d Cir. 2014). It is not a tool to relitigate and reargue

issues which have already been considered and disposed of by the court. *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992).

II. **Discussion**

As was set forth more fully in the magistrate judge's report and recommendation, Love is an inmate serving a 15-30 year state prison sentence that was imposed after he was convicted by a jury of killing his girlfriend, Iris Fennel, in Harrisburg, Pennsylvania. In his petition for writ of habeas corpus, Love argued that, although his petition was unquestionably filed beyond the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244(d)(1)(A), the court should nevertheless find that principles of equitable tolling apply on the grounds that new evidence shows that he is actually innocent of Fennel's murder. *See McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, or . . . expiration of the statute of limitations.") After reviewing the parties' submissions in the case, the court concluded that that Love failed to put forth a tenable actual-innocence claim, and that his petition was therefore barred by the one-year statute of limitations. In his motion for reconsideration, Love simply repeats arguments raised in both his petition for habeas corpus and his objections to the report and

recommendation, namely, that new evidence tending to show his actual innocence subjects his claims to equitable tolling. *See Schlup v. Delo*, 513 U.S. 298 (1995).

In his report and recommendation, the magistrate judge provided a thorough recitation of the law following *Schlup*, which the court reiterated in its memorandum adopting the magistrate judge's recommendation. In this regard, the court repeatedly emphasized that the petitioner must support his claim of actual innocence with new reliable evidence that was not presented at trial. (*See* Doc. 33, pp. 12-14; Doc. 38, p. 2.) As this court stated previously, although Love claims that there is exculpatory evidence that was not presented to the trier of fact, and should therefore be considered newly presented evidence, this evidence was available to Love at the time of his trial and was presented on direct appeal. Indeed, the Superior Court explicitly addressed these issues in its disposition of Love's case. As such, there is no basis for this court to construe any of the evidence Love points to as "new evidence" tending to show Love's innocence. Accordingly, Love has not met his burden of coming forward with new evidence to satisfy the standards set forth in *Schlup* for making a gateway claim of actual innocence, and, therefore, his claims for habeas relief are untimely and not subject to equitable tolling.

### **III.    Conclusion**

For the reasons stated above, Love's motion pursuant to Federal Rule of Civil Procedure 59(e) will be denied. An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: May 2, 2017